a

RECEIVED

MAY - 9 2016

TONY R. MOORE, CLERK
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA, LOUISIANA

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

RICKY A. LEWIS,
Petitioner

CIVIL ACTION NO. 1:16-CV-557; "P"

VERSUS

CHIEF JUDGE DRELL

JERRY GOODWIN, ET AL.,
Respondent

MAGISTRATE JUDGE PEREZ-MONTES

## REPORT AND RECOMMENDATION

Before the Court is a pro se petition for writ of habeas corpus (28 U.S.C. § 2241) filed by Petitioner Ricky A. Lewis (#569393) in the Middle District of Louisiana on April 14, 2016. (Doc. 1). The case was transferred to this District Court on April 25, 2016. (Doc. 3). Petitioner is an inmate in the custody of the Louisiana Department of Corrections, incarcerated at the David Wade Correctional Center in Homer, Louisiana. He challenges his criminal conviction from the 9th Judicial District Court, Rapides Parish.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636 and the standing orders of the Court.

### Factual and Procedural History

Petitioner does not provide any factual or procedural history for his § 2241 claim. However, Petitioner previously filed a § 2254 habeas corpus petition in this Court challenging his conviction of aggravated rape in the 9th Judicial District Court, Rapides Parish. The petition was denied and dismissed as barred by the one-year

limitations period of the Antiterrorism and Effective Death Penalty Act ("AEDPA"), 28 U.S.C. § 2244(b). (1:14-cv-517). The United Sates Fifth Circuit Court of Appeals denied Petitioner's application for certificate of appealability. (1:14-cv-517, Doc. 12).

## Law and Analysis

Petitioner argues in his § 2241 petition that the state court lacked subject matter jurisdiction over his criminal conviction in the 9th Judicial District Court. Challenges to a petitioner's state conviction are governed by § 2254, which "confers jurisdiction upon the federal courts to hear collateral attacks on state court judgments." Wadsworth v. Johnson, 235 F.3d 959, 961 (5th Cir. 2000). Section 2254 specifically applies to post-trial situations in which a judgment has already been entered against the petitioner. See Stringer v. Williams, 161 F.3d 259 (5th Cir. 1998).

Section 2241(c) provides that "the writ of habeas corpus shall not extend to a prisoner unless" one of five following situations exist:

(1) He is in custody under or by color of the authority of the United States or is committed for trial before some court thereof; or

(2) He is in custody for an act done or omitted in pursuance of an Act of Congress, or an order, process, judgment or decree of a court of judge of the United States; or

(3) He is in custody in violation of the Constitution or laws or treaties of the United States; or

(4) He, being a citizen of a foreign state and domiciled therein is in custody for an act done or omitted... or

(5) It is necessary to bring him into court to testify or for trial.

Unless Petitioner is "in custody," none of the five situations exist. If Petitioner is "in custody in violation of the Constitution or laws or treaties of the United States" as contemplated by § 2241(c)(3), he is also in custody such that he may proceed under 28 U.S.C. § 2254. Because "a more specific provision controls a more general provision," the action falls under the more specific provision of § 2254. See Carmona v. Andrews, 357 F.3d 535, 538 (5th Cir. 2004). Thus, Petitioner's only avenue for habeas relief is through § 2254.

Petitioner previously filed a § 2254 petition challenging his state conviction. He may not use § 2241 to avoid the prohibition against filing successive petitions under § 2254. Before a "second or successive" § 2254 application is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application. 28 U.S.C. § 2244(b)(3)(A).

A habeas corpus petition is not second or successive simply because it follows an earlier federal petition. *In re* Cain, 137 F.3d 234, 235 (5th Cir. 1998). However, the later petition is successive when it: "(1) raises a claim challenging the petitioner's conviction or sentence that was or could have been raised in an earlier petition; or (2) otherwise constitutes an abuse of the writ." Id.  The Fifth Circuit has also found that "an application filed after a previous application was fully adjudicated on the merits is a second or successive application within the meaning of 28 U.S.C. § 2244(b), even if it contains claims never before raised." Graham v. Johnson, 168 F.3d 762, 774 n. 7 (5th Cir. 1999) (citing Felker v. Turpin, 518 U.S. 651, 655-58, 662-63 (1996)).

The petition before this Court raises a claim that could have been raised in the prior habeas corpus petition. Moreover, the prior petition was dismissed as time-barred, which is an adjudication on the merits. See *In re* Flowers, 595 F.3d 204 (5th Cir. 2009) (habeas petition dismissed as time-barred is considered as having been adjudicated on the merits for the purposes of the gate-keeping rules on successive petitions).

Petitioner's challenge to his conviction must be raised in a § 2254 petition. For the foregoing reasons, **IT IS RECOMMENDED** that the petition for writ of habeas corpus filed pursuant to § 2241 be **DISMISSED**. To the extent that Petitioner intends to seek relief pursuant to § 2254, he must obtain approval from the Fifth Circuit Court of Appeals prior to filing the petition in this Court.

### Objections

Under the provisions of 28 U.S.C. § 636(b)(1)(c) and Fed. R. Civ. P. 72(b), the parties have fourteen (14) calendar days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. No other briefs or responses (such as supplemental objections, reply briefs, etc.) may be filed. Providing a courtesy copy of the objection to the magistrate judge is neither required nor encouraged. Timely objections will be considered by the district judge before a final ruling.

FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS, AND RECOMMENDATIONS CONTAINED IN THIS

REPORT WITHIN FOURTEEN (14) CALENDAR DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT UPON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE TO WHICH THE PARTY DID NOT OBJECT.

THUS DONE AND SIGNED in chambers in Alexandria, Louisiana, this _6ᵗʰ_ day of May, 2016.

Joseph H.L. Perez-Montes
United States Magistrate Judge